UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EDMOND ADAMS,

        Plaintiff,

                              Case No. 12-CV-10430
v.                            HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

<u>ORDER ACCEPTING AND ADOPTING JANUARY 10, 2013 REPORT
AND RECOMMENDATION (#15), GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (#13), AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#10)</u>

This is an action for judicial review of defendant's denial of disability insurance benefits. Plaintiff filed a claim for disability insurance benefits and supplemental security income benefits in July 2008. He claimed that he had been disabled since January 2000. The supplemental security income application, which was adjudicated based on plaintiff's condition at the time of the application, was approved and is not the subject of this lawsuit. In order to receive disability insurance benefits, plaintiff was required to show disability beginning no later than December 31, 2003 (his "date last insured"). Disability benefits were denied at the administrative level. An ALJ held a hearing and denied plaintiff's disability insurance benefits claim in August 2010. The Appeals Council denied review in January 2012. On February 1, 2012, plaintiff filed this action. The parties filed cross-motions for summary judgment. The matter was referred to Magistrate Judge Binder, who

-1-

issued a report and recommendation on January 10, 2013, recommending plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. Plaintiff filed objections to the report and recommendation and defendant filed a response to the objections.

In his objections, plaintiff argues: (1) Magistrate Judge Binder improperly disregarded evidence submitted to the Appeals Council; (2) the ALJ improperly considered evidence that plaintiff engaged in heavy construction in determining plaintiff had the residual functional capacity to perform light work; and (3) evidence of plaintiff's mental residual functional capacity supports a disability finding.

First, plaintiff argues Magistrate Judge Binder improperly disregarded the treating physicians opinions of Dr. Sohrab and Dr. Watson contained on pages 425-430 of the administrative record, stating that these records, admitted into evidence at the Appeals Council stage, are not part of the record subject to review. Plaintiff argues these records relate back to the claimant's condition prior to the expiration of his date last insured and should therefore be considered. However, as noted by defendant, the evidence on pages 425-430 of the administrative record was not presented to the ALJ and therefore cannot be considered for purposes of substantial evidence review. See Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993) (holding that district court cannot consider new evidence presented to Appeals Council when Appeals Council declines to review claimant's application on the merits); Cline v. Commissioner of Social Sec., 96 F.3d 146, 148 (6th Cir. 1996) (stating plaintiff's "primary argument is that because the Appeals Council considered his new psychiatric evidence, the district court was required to do so as well. He is mistaken.")

Second, plaintiff states that because the ALJ found that he was not engaged in substantial gainful activity from the alleged onset date through his date last insured (December 31, 2003), the finding that he had the residual functional capacity to perform the full range of light work is not supported by the evidence. Plaintiff appears to be reframing the argument he made in his motion for summary judgment, that "[t]here is no evidence of any substantial, gainful employment after the claimant's alleged onset date other than the few weeks he was able to return to work in the summer of 2003. Claimant is not prohibited from doing odd jobs or helping a friend..." (Emphasis in original). His argument was addressed by Magistrate Judge Binder, who explained that the ALJ agreed and expressly concluded that there was no substantial gainful activity after the alleged disability date. It appears plaintiff is now attempting to challenge the finding that he had the residual functional capacity to perform the full range of light work on this particular basis. Specifically, plaintiff challenges the ALJ's reference to plaintiff's heavy construction work in 2005 which led to him breaking his foot after a cement saw fell on his foot. The ALJ discussed this at the hearing and plaintiff denied breaking his foot even though the medical records confirm it. The records also suggest other work by plaintiff. The ALJ considered this evidence in determining whether plaintiff's complaints of disability were credible. Plaintiff claims the "mere fact" that plaintiff dropped a cement saw on his foot does not show that he can work a full-time job. However, plaintiff's construction-type activities were just one of the things considered by the ALJ. The ALJ evaluated plaintiff's credibility and reviewed the medical evidence. The ALJ also relied on the scant treatment history before the date last insured, other than the 2000 and 2003 hospitalizations. The court believes

the ALJ's finding is supported by substantial evidence, for the reasons discussed in defendant's brief, Magistrate Judge Binder's report and the ALJ's decision.

Third, plaintiff argues that evidence of plaintiff's mental residual functional capacity supports a disability determination. As defendant argues, plaintiff did not fairly present this argument to Magistrate Judge Binder and has therefore waived it. See United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996) (nothing that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); Swain v. Commissioner of Social Sec., 379 Fed.Appx. 512, 517-18 (6th Cir. 2010) (noting a "claim raised for the first time in objections to a magistrate judge's report is deemed waived"). Even if this court were to consider plaintiff's psychological limitation arguments, the result is the same. Plaintiff argues the reports of Dr. Balunas and Dr. Prasad show his limitations prior to his date insured. However, as noted by defendant, Dr. Balunas's assessment of the period ending with his date last insured is marked "insufficient evidence" and the form finding he has limitations is marked "current evaluation" (and was made in 2008). The granting of SSI benefits (based on current status) and denial of DIB benefits (which requires a showing of disability prior to the date last insured) comports with such evidence. Dr. Prasad's report likewise does not fall within the applicable time period as he first met with plaintiff almost six years after plaintiff's date last insured. Statements in the report that plaintiff "was terminated from his job due to GAF of 40" are obviously based on plaintiff's own report. The doctor's own findings based on a mental status examination are from 2010, after plaintiff had suffered an additional stroke.

The court has reviewed the report and recommendation and finds it thorough and appropriate. Accordingly,

The court hereby adopts Magistrate Judge Binder's January 10, 2013 report and recommendation, denies plaintiff's motion for summary judgment, and grants defendant's motion for summary judgment.

SO ORDERED.

Dated: March 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---